NATHAN M. JENKINS, ESQ. (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
Telephone: (775)-829-7800
Attorneys for Plaintiffs

FILED ✓   RECEIVED ___
ENTERED ___   SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 3 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

TRUSTEES of the NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS PENSION TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the CONSTRUCTION WORKERS VACATION SAVINGS TRUST PLAN, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS TRAINING TRUST FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE ELIZONDO, FRED REEDER, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the CEMENT MASONS ANNUITY TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, SHANE GLENN, KEVIN LINDERMAN, MARC LEAVITT, THOMAS NORTHRUP, JESSE BARAJAS; TRUSTEES of the CEMENT MASONS JOINT APPRENTICESHIP AND TRAINING TRUST FUND, CRAIG MADOLE, KEVIN LINDERMAN, SHANE GLENN, MARC LEAVITT, THOMAS NORTHRUP, JAMES OBREGON; TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, FRED REEDER, LANCE SEMENKO, STEVE INGERSOLL, DYLAN GALLAGHER, SCOTT FULLERTON; TRUSTEES of the OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PREAPPRENTICE, APPRENTICE, AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND FOR NORTHERN NEVADA, CRAIG MADOLE, FRED REEDER, LANCE SEMENKO, STEVE INGERSOLL, DYLAN GALLAGHER, SCOTT FULLERTON; TRUSTEES of the OPERATING ENGINEERS PENSION

Case No. 3:17-cv-00577-RCJ-VPC

**STIPULATION AND ORDER TO ALLOW PLAINTIFF TRUST FUNDS TO FILE FIRST AMENDED COMPLAINT**

1

TRUST FUND, JAMES MURRAY, KEVIN ALBANESE, STEVE CLARK, F.G. CROSTHWAITE, BRYAN FLAKE, THOMAS HOLSMAN, LANCE INOUYE, RICHARD PIOMBO, TOM SQUERI, DAVID STANTON, RUSSELL BURNS, MIKE CROLL, JUSTIN DISTON, DAVID HARRISON, STEVE INGERSOLL, PANE MEATOGA, JR., BRUCE NOEL, DAN REDING, JAMES SULLIVAN, NATE TUCKER; TRUSTEES of the OPERATING ENGINEERS VACATION HOLIDAY AND SICK PAY TRUST FUND, JAMES MURRAY, BRYAN FLAKE, LANCE INOUYE, TOM SQUERI, RUSSELL BURNS, JUSTIN DISTON, STEVE INGERSOLL, DAN REDING, JAMES SULLIVAN; and TRUSTEES of the OPERATING ENGINEERS PENSIONED HEALTH & WELFARE TRUST FUND, JAMES MURRAY, KEVIN ALBANESE, STEVE CLARK, F.G. CROSTHWAITE, BRYAN FLAKE, THOMAS HOLSMAN, LANCE INOUYE, RICHARD PIOMBO, TOM SQUERI, DAVID STANTON, RUSSELL BURNS, MIKE CROLL, JUSTIN DISTON, DAVID HARRISON, STEVE INGERSOLL, PANE MEATOGA, JR., BRUCE NOEL, DAN REDING, JAMES SULLIVAN, NATE TUCKER;

    Plaintiffs,

vs.

DIVERSIFIED CONCRETE CUTTING, INC., a Nevada corporation; ALLEGHENY CASUALTY COMPANY, a Pennsylvania corporation; and DOES 1-10,

    Defendants.
_____/

The parties on record herein, Plaintiff Trust Funds, Defendant Diversified Concrete Cutting, Inc. ("Diversified"), and Defendant Allegheny Casualty Company ("Allegheny"), by and through their respective attorneys of record, stipulate and agree that, pursuant to FRCP Rule 15(a), Plaintiff Trust Funds be granted leave to file the First Amended Complaint, attached hereto as Exhibit "A." The filing of the proposed First Amended Complaint is necessary to allow Plaintiff Trust Funds to add Fast-Track Services Ltd as a Defendant. The filing of the First

///

///

2

Amended Complaint will not cause any undue delays herein, as a stipulated discovery plan and scheduling order was filed only recently.

DATED this 22nd day of March, 2018.

        JENKINS LAW FIRM
        Attorneys for Plaintiffs

        By: _____
        NATHAN M. JENKINS
        1895 Plumas Street, Suite 2
        Reno, NV 89509

DATED this 22nd day of March, 2018.

        MOORE LAW GROUP, PC
        Attorneys for Defendant Diversified Concrete Cutting, Inc.

        By: */s/ John D. Moore*
        JOHN D. MOORE (NV Bar 8581)
        3715 Lakeside Drive, Suite A
        Reno, NV 89509

DATED this 22nd day of March, 2018.

        THE FAUX LAW GROUP
        Attorneys for Defendant Allegheny Casualty Company

        By: */s/ Kurt C. Faux*
        KURT C. FAUX (NV Bar 3407)
        JORDAN F. FAUX (NV Bar 12205)
        1540 W Warm Springs Road, Suite 100
        Henderson, NV 89014

## ORDER

The Court having reviewed the above stipulation and good cause therefore appearing, it is hereby ordered and decreed that Plaintiff Trust Funds may file the First Amended Complaint, attached to this stipulation and order as Exhibit "A."

DATED this ___ day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I certify that I am an employee of JENKINS LAW FIRM and that on this date the within document entitled **STIPULATION AND ORDER TO ALLOW PLAINTIFF TRUST FUNDS TO FILE FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney of record set forth below:

John D. Moore, Esq.
Moore Law Group, PC
3715 Lakeside Drive, Suite A
Reno, NV 89509

Kurt C. Faux, Esq.
Jordan F. Faux, Esq.
The Faux Law Group
1540 W Warm Springs Road, Suite 100
Henderson, NV 89014

DATED this _22_ day of March, 2018.



# EXHIBIT A

NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, et al. vs.
DIVERSIFIED CONCRETE CUTTING, INC., et al.
3:17-cv-00577-RCJ-VPC

STIPULATION AND ORDER TO ALLOW PLAINTIFF TRUST FUNDS TO FILE
FIRST AMENDED COMPLAINT

# EXHIBIT A

NATHAN M. JENKINS, ESQ. (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
Telephone: (775)-829-7800
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS PENSION TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the CONSTRUCTION WORKERS VACATION SAVINGS TRUST PLAN, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS TRAINING TRUST FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE ELIZONDO, FRED REEDER, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the CEMENT MASONS ANNUITY TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, SHANE GLENN, KEVIN LINDERMAN, MARC LEAVITT, THOMAS NORTHRUP, JESSE BARAJAS; TRUSTEES of the CEMENT MASONS JOINT APPRENTICESHIP AND TRAINING TRUST FUND, CRAIG MADOLE, KEVIN LINDERMAN, SHANE GLENN, MARC LEAVITT, THOMAS NORTHRUP, JAMES OBREGON; TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, FRED REEDER, LANCE SEMENKO, STEVE INGERSOLL, DYLAN GALLAGHER, SCOTT FULLERTON; TRUSTEES of the OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PREAPPRENTICE, APPRENTICE, AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND FOR NORTHERN NEVADA, CRAIG MADOLE, FRED REEDER, LANCE SEMENKO, STEVE INGERSOLL, DYLAN GALLAGHER, SCOTT FULLERTON; TRUSTEES of the OPERATING ENGINEERS PENSION | Case No. 3:17-cv-00577-RCJ-VPC<br><br>FIRST AMENDED COMPLAINT |

1

TRUST FUND, JAMES MURRAY, KEVIN ALBANESE, STEVE CLARK, F.G. CROSTHWAITE, BRYAN FLAKE, THOMAS HOLSMAN, LANCE INOUYE, RICHARD PIOMBO, TOM SQUERI, DAVID STANTON, RUSSELL BURNS, MIKE CROLL, JUSTIN DISTON, DAVID HARRISON, STEVE INGERSOLL, PANE MEATOGA, JR., BRUCE NOEL, DAN REDING, JAMES SULLIVAN, NATE TUCKER; TRUSTEES of the OPERATING ENGINEERS VACATION HOLIDAY AND SICK PAY TRUST FUND, JAMES MURRAY, BRYAN FLAKE, LANCE INOUYE, TOM SQUERI, RUSSELL BURNS, JUSTIN DISTON, STEVE INGERSOLL, DAN REDING, JAMES SULLIVAN; and TRUSTEES of the OPERATING ENGINEERS PENSIONED HEALTH & WELFARE TRUST FUND, JAMES MURRAY, KEVIN ALBANESE, STEVE CLARK, F.G. CROSTHWAITE, BRYAN FLAKE, THOMAS HOLSMAN, LANCE INOUYE, RICHARD PIOMBO, TOM SQUERI, DAVID STANTON, RUSSELL BURNS, MIKE CROLL, JUSTIN DISTON, DAVID HARRISON, STEVE INGERSOLL, PANE MEATOGA, JR., BRUCE NOEL, DAN REDING, JAMES SULLIVAN, NATE TUCKER;

   Plaintiffs,

vs.

DIVERSIFIED CONCRETE CUTTING, INC., a Nevada corporation; FAST-TRACK SERVICES LTD, a Nevada limited liability company; ALLEGHENY CASUALTY COMPANY, a Pennsylvania corporation; and DOES 1-10,

   Defendants.

                 /

Plaintiffs, by and through their attorneys, JENKINS LAW FIRM, allege as follows against Defendants:

## JURISDICTION AND VENUE

1.  This is an action brought by the Trustees of the Northern Nevada Laborers Health & Welfare Trust Fund; the Trustees of the Laborers Pension Trust Fund for Northern Nevada; the Trustees of the Construction Workers Vacation Savings Trust Plan; the Trustees of the Laborers Training Trust for Northern Nevada; the Trustees of the Cement Masons Annuity Trust Fund for Northern Nevada; the Trustees of the Cement Masons Joint Apprenticeship and Training Trust

2

Fund; Trustees of the Northern Nevada Operating Engineers Health & Welfare Trust Fund; Trustees of the Operating Engineers and Participating Employers Preapprentice, Apprentice, and Journeyman Affirmative Action Training Fund for Northern Nevada; Trustees of the Operating Engineers Pension Trust Fund; the Operating Engineers Vacation and Holiday Pay Plan; and the Trustees of the Operating Engineers Pensioned Health & Welfare Trust Fund (collectively, the "Trust Funds"), to enforce the terms of the Trust Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145. This action arises under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3). ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), confers jurisdiction on this Court.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the unofficial Northern Division of this Court under 29 U.S.C. § 1132 (e)(2) because the Trust Funds are administered in Washoe County, in the District of Nevada, the breaches took place in Washoe County, in the District of Nevada, and the Defendants conduct business in Washoe County, in the District of Nevada.

## THE PARTIES

4. Plaintiffs are Trustees of the Trust Funds. The Trust Funds are "employee benefit plan[s]" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and are "multiemployer plan[s]" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37). Plaintiffs bring this action on behalf, and for the benefit, of the beneficiaries of the Trust Funds and in their respective capacities as trustees and Trust Fund fiduciaries.

5. Defendant Diversified Concrete Cutting, Inc. ("Diversified") is, and at all times hereinafter mentioned was, a Nevada corporation conducting business in the District of Nevada.

6. Defendant Fast-Track Services Ltd ("Fast-Track") is, and at all times hereinafter mentioned was, a Nevada limited liability company conducting business in the District of Nevada.

7. Defendant Allegheny Casualty Company is a Pennsylvania corporation licensed to execute surety bonds under the provisions of the Nevada Insurance Code and is conducting

3

1  business in the District of Nevada. Defendant Allegheny Casualty Company issued license bond
2  no. 0602136 to Diversified.

3  8. The true names and capacities, whether individual, corporate, associate, or
4  otherwise, of the Defendants designated as Does 1 through 10 are presently unknown to
5  Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that Defendants Does 1-
6  10 took some part in the acts and omissions complained of herein and, as a proximate result of
7  such acts and omissions, incurred legal liability to Plaintiffs for the relief sought herein.
8  Plaintiffs will request permission to amend this Complaint when the identity of Defendants Does
9  1-10 become known to them.

10  9. At all material times and during the acts alleged herein, the Defendants were
11  acting as the agents of each and every other Defendant within the course and scope of their
12  agency or employment, and all acts conducted and alleged herein were known to, authorized, and
13  ratified by each and every Defendant, and/or liability therefore has been assumed by each and
14  every Defendant.

### FIRST CAUSE OF ACTION
(Payment of Unpaid Contributions under ERISA §§ 502 AND 515)

10. Plaintiffs reallege all previous allegations of this Complaint.

11. Defendant Diversified, acting by and through its authorized agents or officers, agreed to be bound by the Laborers' Local 169 – Short Form Agreement (the "Laborers Short Form Agreement") as of May 14, 1996 with Laborers' International Union of North America - A.F.L. - C.I.O., Local # 169 (the "Laborers Union").

12. Defendant Diversified, acting by and through its authorized agents or officers, agreed to be bound by the Master Agreement as of May 14, 1996, by and between Laborers' International Union of North America, Local Union No. 169, and Nevada Chapter of the Associated General Contractors of America, Inc. (the "Laborers Master Agreement"). The Laborers Short Form Agreement incorporates the terms of the Master Agreement.

13. Defendant Diversified, acting by and through its authorized agents or officers, agreed to be bound by the National Construction Agreement ("Laborers National Agreement")

with the Laborer's International Union of North America, AFL-CIO as of June 2, 2006.

14. Defendant Diversified, acting by and through its authorized agents or officers, agreed to be bound by the Memorandum Agreement (the "Cement Masons Memorandum Agreement") as of April 19, 2006 with Operative Plasterers' and Cement Masons' International Association, AFL-CIO (the "Cement Masons Union").

15. Defendant Diversified, acting by and through its authorized agents or officers, agreed to be bound by the Master Agreement for Northern Nevada ("Operating Engineers Master Agreement") as of July 19, 2016 by and between Nevada Chapter Associated General Contractors of America, Inc. and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO (the "Operating Engineers Union").

16. Defendant Fast-Track, acting by and through its authorized agents or officers, agreed to be bound by the Laborers Short Form Agreement as of August 3, 2017 with the Laborers' Union.

17. The aforementioned Laborers Short Form Agreement, Laborers Master Agreement, Laborers National Agreement, Cement Masons Memorandum Agreement, Laborers Subscription Agreement, and Operating Engineers Master Agreement are collectively referred to herein as the "Contribution Agreements."

18. Defendants, by their conduct, are obligated to make contributions to the Trust Funds pursuant to the terms of the Contribution Agreements and in accordance with the terms and conditions of the Trust Agreements establishing the Trust Funds.

19. Defendants employ or have employed individuals performing work as laborers, cement masons, and operating engineers. Defendants are obligated by the Contribution Agreements to make certain fringe benefit payments to the Trust Funds for every hour worked by individuals performing work as laborers, cement masons, and operating engineers, whether members of the Laborers Union, Cement Masons Union, Operating Engineers Union, or not.

20. Pursuant to the Contribution Agreements, Defendants agreed to make provisions in all subcontracts for all subcontractors to observe the terms of the Contribution Agreements, and Defendants agreed to be responsible for all actions of Defendants' subcontractors, including,

without limitation, payment of fringe benefits to the Trust Funds.

21. Defendants agreed to be bound by the Contribution Agreements and to timely submit employer contribution reporting forms to Plaintiffs on a monthly basis. In addition, Defendants agreed to be bound by all the terms of the Trust Agreements establishing the Trust Funds. Defendants also agreed to permit Plaintiffs to inspect their books and records regarding any payment due the Trust Funds in order to determine the true and correct sum owed.

22. Plaintiffs have complied with all conditions to maintaining this action.

23. Defendants have failed to report and contribute for all hours worked by employees performing work as laborers, cement masons, and operating engineers, and Defendants are delinquent in making reports and contributions.

24. Demand for the delinquent amounts and reports has been made upon Defendants by the Trust Funds, but to date the contributions, interest, liquidated damages, and reports due and owing to the Trust Funds have not been paid or submitted.

25. As a result of Defendants' failure to meet its obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to make contributions in accordance with the terms and conditions of the pertinent Contribution Agreements.

SECOND CAUSE OF ACTION
(Failure to Timely File Accurate Monthly Reports under ERISA §§ 502 AND 515)

26. Plaintiffs reallege all previous allegations of this Complaint.

27. Defendants agreed to submit to Plaintiffs accurate and timely employer contribution reporting forms detailing the number of hours worked by all employees performing work as laborers, cement masons, and operating engineers and the amount of contributions owed.

28. Defendants have failed to accurately and timely report contributions owed to the Trust Funds.

29.     As a result of Defendants' refusal to comply with its obligations to submit accurate and timely employer contribution reporting forms to the Trust Funds, it has become impossible for Plaintiffs to determine the full extent of the delinquent contributions, interest and damages owed by Defendants.

30.     As a result of Defendants' failure to meet its reporting obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to submit accurate reports in accordance with the terms and conditions of the Contribution Agreements and the Trust Agreements.

### THIRD CAUSE OF ACTION
(To Compel an Audit and Timely Filing of Accurate Monthly Reports under ERISA §§ 502 AND 515)

31.     Plaintiffs reallege all previous allegations of this Complaint.

32.     Defendants' agreed to permit Plaintiffs to inspect its books and records regarding any payment due the Trust Funds in order to determine the true and correct sum owed.

33.     As a result of Defendants' refusal to comply with its obligations to submit accurate and timely employer contribution reporting forms and contributions to the Trust Funds, it has become impossible, absent a complete audit, for Plaintiffs to determine the full extent of the delinquent contributions, interest and damages owed by Defendants.

34.     The Trust Funds rely principally on employer self-reporting to determine the extent of an employer's liability. The Trust Funds police this self-reporting system by conducting audits of the records of participating employers.

35.     Defendants' violations of the Contribution Agreements and the Trust Agreements, if allowed to continue, will result in irreparable harm for which Plaintiffs have no adequate remedy at law, in that: (a) the Trust Funds are unable to fully inform the participants employed by Defendants of their rights and status under the Trust Funds' plans of benefits, (b) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are

1 unable to police the self-reporting system by obtaining prompt and complete audit entry, (c) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are unable to promptly determine the class of potential benefit claimants, and (d) the Trust Funds are irreparably harmed if they are unable to hold all contributing employers to the full and prompt fulfillment of their contribution obligations.

36. Accordingly, Defendants' conduct necessitates a preliminary and permanent injunction or other equitable relief compelling Defendants to promptly submit to an audit of their books and records, including but not limited to, Defendants' payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds, and to timely file accurate monthly reports

37. As a result of Defendants' failure to meet its obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce their right to conduct an audit and Defendants' obligation to file accurate monthly reports. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to make contributions in accordance with the terms and conditions of the pertinent Contribution Agreements.

**FOURTH CAUSE OF ACTION**
(For Collection of Unpaid Fringe Benefit Contributions Pursuant to License Bond)

38. Plaintiffs reallege all previous allegations of this Complaint.

39. The License Bond No. 0602136 executed and delivered to the Nevada State Contractors' Board on or about November 19, 2015 provides that Defendant Diversified, as "principal," and Defendant Allegheny Casualty Company, as "surety (hereinafter 'Surety'), are held and firmly bound unto the State of Nevada, in the full and just sum of Twenty Thousand and no / 100 Dollars ($20,000.00) for which payment well and truly to be made, the Principal and Surety bind themselves, their respective heirs, administrators, successors, and assigns, jointly and severally, firmly by these presents."

40. Each of the License Bonds also states that the License Bond "is made in favor of the State of Nevada for the benefit of any person having a valid claim who: . . . 2. As an employee of the contractor performed labor on or about the site of the construction covered by the contract; or . . . 4. Is injured by any unlawful act or omission of the contractor in the performance of a contract."

41. Pursuant to each of the License Bonds, Defendants are liable for all delinquent fringe benefit contributions owed by Defendants, together with interest, liquidated damages, reasonable attorney's fees and costs, and audit costs resulting from delinquent contributions, as set forth in the Contribution Agreements and the Trust Agreements.

42. Defendants have breached each of the License Bonds by failing to provide payment of delinquent fringe benefit contributions, and by failing to provide payment of all interest, liquidated damages, attorneys' fees, collection costs, and accountant costs required by the Contribution Agreements and the Trust Agreements with respect to delinquent fringe benefit contributions.

43. Demand for the delinquent amounts has been made upon Defendants by the Trust Funds, but to date the contributions, interest, liquidated damages, attorney's fees, and audit fees due and owing to the Trust Funds have not been paid.

44. As a result of Defendants' failure to meet their obligations pursuant to each of the License Bonds, Plaintiffs have suffered, and are continuing to suffer, damages.

45. As a further result of Defendants' failure to meet their obligations pursuant to each of the License Bonds, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendants' failure to provide payment of fringe benefit contributions in accordance with the terms and conditions of each of the License Bonds.

WHEREFORE, Plaintiffs demand judgment, including preliminary equitable relief, against Defendants as follows:

1. Compelling Defendants to submit to inspection of its books and records, including but not limited to, Defendants' payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds; and

2. For the total amount owed to Plaintiffs, which amount is constituted as follows:

   a. For the amount of the incomplete contributions due through the present (ERISA Section 502(g)(2 (A));

   b. For interest assessed on the delinquent contributions calculated from the date due through the present at the rate of twenty percent (20%) per annum (ERISA Section 502(g)(2)(B));

   c. For the greater of either the statutory interest assessed on the delinquent contributions at the rate of twenty percent (20%) per annum (ERISA Section 502(g)(2)(C)), or liquidated damages assessed on the delinquent contributions at the rate of twenty percent (20%) of the amount of the contribution or twenty dollars ($20.00) per delinquency, whichever is greater;

   d. For the cost of the audit (ERISA Section 502(g)(2)(D));

   e. For the costs of filing this action (ERISA Section 502(g)(2)(D)); and

   f. For all attorneys' fees and costs of this action (ERISA Section 502(g)(2)(D));

3. That Defendants be directed to comply with its obligations to timely report and to contribute to the Trust Funds, and to pay the costs and disbursements of this action (ERISA Section 502(g)(2)(D)); and

///
///
///
///
///
///

4.	Such other legal or equitable relief as this Court deems appropriate, including judgement for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory penalties thereon under ERISA.

DATED this _____ day of March, 2018.

JENKINS LAW FIRM
Attorneys for Plaintiffs


By:_____
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV  89509
