UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, *et al.*,<br><br>     Plaintiffs,<br><br>     vs.<br><br>KENNETH M. MERCURIO, *et al.*,<br><br>     Defendants. | 3:17-cv-00577-RCJ-CLB<br><br>**ORDER** |

Plaintiffs filed this case in 2017 and served Defendant Mercurio in 2018. Despite these facts, Defendant Mercurio has not responded in this case to date. This Court has since issued summary judgment in favor of Plaintiffs against other defendants and default against Defendant Mercurio. Plaintiffs now move to enter default judgment against Defendant Mercurio finally resolving this case. No opposition has been filed to this motion. The Court grants it and closes the case.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment if the clerk previously entered default based on a defendant's failure to defend. After entry of default, the complaint's factual allegations are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "However, necessary facts not

contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The court may require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate. *LHF Prods., Inc. v. Boughton*, 299 F. Supp. 3d 1104, 1113 (D. Nev. 2017).

Based on the available facts, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" before granting a default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Once satisfied on the issue of jurisdiction, whether to grant a motion for default judgment under Rule 55(b)(2) is a matter of discretion to a court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has pointed to seven factors that a court should consider it making this determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72.

**ANALYSIS**

Assuming the allegations of the operative complaint, the Court has jurisdiction over the subject matter of this case and Defendant Mercurio. As for subject matter, Plaintiffs' raise federal claims under ERISA giving this Court federal question jurisdiction under 28 U.S.C. § 1331 and related state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367. As for personal jurisdiction, Defendant Mercurio was at all times a Nevada resident conducting business in the District of Nevada. (ECF No. 43 ¶ 5.)

Since this Court has jurisdiction, it turns to the merits of whether default judgment should be entered. Plaintiffs have filed facially valid proof of service upon Defendant Mercurio on July

28, 2018. (ECF No. 45.) The Court entered default against Defendant Mercurio on September 5, 2018. (ECF Nos. 56, 57.) To date, Defendant Mercurio has failed to file any response.

Applying the seven *Eitel* factors to this case, default judgment is proper:

The first factor favors the entry of a default judgment. Plaintiffs have been actively litigating this case for years, and Defendant Mercurio has failed to ever respond. If Plaintiffs cannot get a default judgment Defendant Mercurio, they would be "without other recourse for recovery." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third factors also favor granting the motion. The complaint states colorable claims as this Court has ruled that summary judgment was proper in favor of Plaintiffs. (ECF No. 161.)

The fourth factor favors granting the motion. The sum of money at stake is reasonable in relation to the alleged misconduct. While it is in the hundreds of thousands of dollars, it is the statutory amount required by ERISA.

The fifth factor favors granting the motion. While it is possible that Defendant Mercurio would have challenged the allegations, he has not raised any defense in the years this litigation pended, and the Court found summary judgment appropriate.

The sixth factor favors granting the motion. There is no evidence in the record that Defendant Mercurio's failure to appear was the result of excusable neglect.

The seventh factor disfavors granting the motion. This factor always weighs against the entry of default judgment as the courts desire a decision on the merits. However, this factor alone is not sufficient to outweigh the other factors.

Lastly, the Court considers the amount to enter for default judgment. As this Court previously found the amount of damages that Plaintiffs are due, a hearing on this issue is not necessary. Subtracting the bond amounts already paid to Plaintiffs, they have presented a list of damages that

Plaintiffs are still owed as of the time filing of this motion:

- $5,904.67 to Trustees of the Cement Masons Annuity Trust Fund for Northern Nevada;
- $32,333.78 to Trustees of the Cement Masons Joint Apprenticeship and Training Trust Fund;
- $241,933.49 to Trustees of the Northern Nevada Laborers Health and Welfare Trust Fund;
- $144,359.12 to Trustees of the Laborers Pension Trust Fund for Northern Nevada;
- $29,493.77 to Trustees of the Laborers Training Fund for Northern Nevada;
- $35,672.58 to Trustees of the Northern Nevada Operating Engineers Health and Welfare Trust Fund; and
- $58,000.37 to Trustees of the Pension Trust for Operating Engineers.

The Court orders that judgment be entered reflecting these figures. In addition to them, Plaintiffs are further entitled to interest of these figures for the time in between the filing of the motion and now, post-judgment interest, and attorney fees.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment (ECF No. 170) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close the case.

IT IS SO ORDERED.

Dated March 2, 2022.

_____
ROBERT C. JONES
United States District Judge